Common Pleas Court for Cuyahoga County.

FOUST V. TEXAS DISTRIBUTING COMPANY.

Decided December 22, 1931.

KRAMER, J:

The charge of the court upon contributory negligence was given after full consideration, and the court is decidedly of the opinion that there was no error therein. The question raised here has not been passed upon by any reviewing court. All of the authorities deal with cases which were determined before the decision of *Tresise* v. *Ashdown*, Administrator, 118 O. S. 307.

Before argument the instruction requested by defendant was given, counsel for plaintiff consenting thereto. This charge was as follows:

"The burden of proving contributory negligence by a preponderance of the evidence is upon the defendant. However, if the evidence offered in support of plaintiff's claim gives rise to a reasonable inference or presumption that the plaintiff's own negligence contributed proximately to the production of the injury which is the basis of this action, then the plaintiff, in order to recover, must, as a part of his case in chief, produce evidence sufficient to equal or dispel this inference or presumption. The plaintiff is not obliged to remove the inference or presumption by a preponderance of the evidence."

In the general charge the court omitted any qualification of its statement that the burden of proving contributory negligence by a preponderance of the evidence is upon the defendant. At the conclusion of the general charge, defendant requested the court to repeat the qualifying clause as contained in the charge before argument, and upon objection of counsel for plaintiff the court refused the request. Thus, whether the failure to add this qualifying language is an error of omission or commission, the question is squarely raised as to whether or not a charge in the language that—

"The burden of proving contributory negligence by a preponderance of the evidence is upon the defendant,"

is sufficient; preponderance of the evidence having theretofore been defined.

Prior to *Tresise* v. *Ashdown, Admr., supra,* it was the law that if the plaintiff's own negligence supporting his cause of action raised a presumption of contributory negligence, then the burden rested upon him to remove that presumption. *B. & O. Railroad* v. *Whitaker,* 35 O.S., 627; *Maddox* v. *Columber,* 114 O. S., 178.

This rule has been modified in this respect; That if the plaintiff's proof raises a presumption of negligence upon his part, he is required only to produce evidence sufficient to counter-balance the evidence giving rise to the presumption. *Tresise* v. *Ashdown, Admr., supra; Meyers, Admr.,* v. *The Norfolk & Western Ry. Co.,* 122 O. S. 557, at 558.

Prior to *Tresise* v. *Ashdown, Admr.,* the Court's generally charged the jury that:

"The burden of proving contributory negligence by a preponderance of the evidence is upon the defendant, subject to this qualification, however, that if the testimony offered on behalf of the plaintiff raises in your minds a presumption of contributory negligence on the part of the plaintiff, then it is incumbent upon the plaintiff to overcome such presumption by showing that such contributory negligence did not exist."

By inquiry addressed to many jurors this court is convinced that practically no juror ever understood that charge sufficiently to make any application of it. When our Supreme Court held this charge erroneous and laid down the rule that it was not incumbent upon the p'aintiff to overcome such presumption, but that he was only required to produce sufficient evidence to counter-balance the evidence giving rise to the presumption, that court brought the Ohio court into conformity with the general principle, and almost unanimous authority, that the burden of proof did not shift, and being with the defendant in the beginning it remains with the defendant throughout the case.

In the opinion of this court when the Judge has stated that the burden of proving contributory negligence by a

preponderance of the evidence is upon the defendant he has stated the law, stated it clearly, and in a manner comprehensible to the jury. When there is added the language that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part, then he is required to produce sufficient evidence to counter-balance the presumption but not to over-balance or outweight it, the court is only repeating what he has already said previously, namely, that the burden of proving contributory negligence is upon the defendant. The only practical result of the repetition is again to make the proposition so confusing to the jury as to be incomprehensible to any member thereof.

As this court understands the law, the jury must not be concerned, when the case is submitted to them, with evidence adduced by the plaintiff as distinguished from evidence produced by the defendant; it must determine the case upon all the evidence regardless of which side produced it. The law as claimed by the defendant herein can be conceived to result in a verdict for the defendant because the plaintiff did not produce evidence to counter-balance the inference of contributory negligence raised by his own evidence, although upon all the evidence in the case, including that produced by the defendant, the jury was fully convinced that the plaintiff was not guilty of contributory negligence.

This court has not added this qualifying clause in its charge since *Tresise* v. *Ashdown* was announced unless requested so to do by counsel. In each case where it has done so, it has again inquired of the jurors and again found that the instruction is wholly incomprehensible to them. It is this court's opinion that *Tresise* v. *Ashdown* relieved the courts of the obligation of imposing upon the jury an involved statement of law and permitted them to charge upon the proposition of the burden of proof on contributory negligence in brief and simple language, and hopes that in this opinion it may be confirmed by the reviewing courts.